### HENRY HENNESSEY vs. CHARLES ANDREWS.

The grantee of land, having a mill and dam erected thereon, who has given his grantor a bond of defeasance which is not recorded, is the owner of such mill and dam, and liable to a complaint for flowing, within the Rev. Sts. c. 116.

The continued possession of land by the grantor, after a conveyance thereof with a bond of defeasance, which is not recorded, is no notice of such defeasance.

THIS was a complaint for flowing, wherein the complainant averred, that he was seized and possessed of a certain tract of land, which then was and had been for one year previous overflowed by means of a dam erected across a certain stream

called Muddy Brook, which dam, and the water-mill therewith connected, were and had been for a year previous owned by the respondent.  The complaint was dated May 29th, 1850, and notice thereof was served on the defendant, June 3d, 1850. The parties submitted the case to the court on the following statement of facts.

It was agreed, that the complainant was seized and possessed of the lands mentioned, and that they were overflowed and damaged, as averred, by a certain dam connected with a water-mill; that Hollis B. Wood, by his deed, dated November 15th, 1849, conveyed to the respondent the land under and about the dam and mill, which deed was duly recorded November 16th, 1849; that at the same time and as a part of the same transaction, the respondent made and delivered to Wood a bond of defeasance, binding him to reconvey the premises to Wood, at the end of two years, on certain conditions, and farther covenanting, that Wood should remain in possession of the premises during the two years, which bond was recorded on the 19th of June, 1850; that Wood was at the date of the bond and had been ever since in possession of the premises, and that Andrews had never been in possession; and that the complainant had no notice of the existence of such bond, except from the fact, that Wood remained in the occupation of the premises.

If upon this state of facts the respondent was liable for damages, a warrant was to issue for a jury to assess the same; if he was not liable, judgment was to be entered for the respondent.

*F. H. Dewey,* for the complainant.

*E. Fuller,* for the respondent.

SHAW, C. J.   The only question in this case is, whether this complaint for flowing is rightly brought against Charles Andrews, as owner.   Rev. Sts. *c.* 116, § 6.

The respondent insists that he was not owner, but only a mortgagee not in possession, because the deed, which he had taken of Wood, in November, 1849, was accompanied by a bond of defeasance, which made it in law a mortgage.   But the answer, and we think it decisive, is, that the bond of defeasance was not registered, until after the complainant's suit

was brought, and by statute was wholly inoperative and void, as a defeasance, against any person but the maker and his heirs or devisees, or persons having actual notice of such defeasance. Rev. Sts. *c.* 59, § 27. The continued possession by the grantor is no evidence of notice of the defeasance. *Newhall* v. *Pierce,* 5 Pick. 450; *Newhall* v. *Burt,* 7 Pick. 157.

*Judgment for the plaintiff.*